## AGÜEROS, DEMANDANTE APELADO Y APELANTE, *v.* SANJURJO ET AL., DEMANDADOS APELANTES Y APELADOS.

APELACIONES procedentes de la Corte de Distrito de San Juan, Sección Primera, en pleitos sobre daños y perjuicios.

Nos. 2502 y 2509.—Resueltos en julio 15, 1922.

VEHÍCULOS DE MOTOR — TIPO DE VELOCIDAD — NEGLIGENCIA CONTRIBUTIVA. — Una persona que maneja un vehículo de motor por un camino público a una velocidad mayor de 48 kilómetros por hora es culpable *prima facie* de negligencia contributiva si ocurre un accidente, menos en ciertos casos especiales. En estos últimos dicha persona está en la obligación de justificar por qué viaja con una velocidad excesiva.

ID.—TREN DE VAGONETAS—CRUCES EN CARRETERAS—AVISOS EN PASOS A NIVEL.— El dueño de un tren de vagonetas que son conducidas por fuerza animal únicamente no está obligado a poner señales o vallas en los cruces que se encuentran en el camino público, ni es tampoco responsable por los accidentes ocasionados por dichas vagonetas cuando son conducidas por una tercera persona.

Los hechos están expresados en la opinión.

Abogados de los demandados apelados y apelantes: *Sres. E. Acuña, J. Texidor* y *E. H. F. Dottin.*

Abogados del demandante apelante y apelado: *Sres. Soto Gras & Siaca.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso hubo apelaciones interpuestas por ambas partes, pero las mismas pueden ser consideradas conjuntamente. La sentencia y opinión de la corte inferior han sido atacadas por todos lados.

El demandante Diego Agüeros viajaba en un automóvil por la carretera, entre Río Grande y Loíza, y al pasar por una vía que se usa para conducir cañas tuvo un choque con una vagoneta que cruzaba la carretera; y según alegó el demandante y trató de probar, sufrió lesiones personales, como también daños su automóvil. La vía es una de esas que se encuentran a menudo en las carreteras en las regiones de cañas de Puerto Rico y que generalmente pueden cruzarse

sin gran peligro. No había ningún signo o señal que indicara al demandante la existencia de tal peligro. La carencia de señales, avisos o vigilantes, se imputa a la demandada, Loíza Sugar Company como un incumplimiento de su deber por ser la dueña y generalmente la que funciona las vagonetas que corren por estas vías. Al otro demandado Mercedes Sanjurjo se le imputó negligencia por haber permitido sus empleados o agentes que una vagoneta que estaba a su cargo bajara por una pendiente sin control alguno y que con el impulso que por ello adquiría cruzara el camino público yendo a chocar con el carro del demandante ocasionando así las lesiones a que se ha hecho referencia.

El demandado Mercedes Sanjurjo formuló excepción previa a la demanda y la desestimación de dicha excepción constituye un fundamento de error. Otro fundamento de error fué el haber declarado la corte que el demandante era culpable de negligencia contributoria; y si este error fué bien tomado, como creemos que lo fué, resolvería el caso en conjunto, por tanto lo consideraremos.

Dando pues por sentado que el demandante probó la negligencia de los dos demandados, consideremos la alegada negligencia contributiva del demandante. Aunque la corte en los hechos que declaró probados dijo que el demandante viajaba a una velocidad de treinta millas por hora, el propio demandante manifestó que iba a una velocidad más o menos de 30 a 35 millas por hora. El demandante estaba en la mejor condición para saber la velocidad con que viajaba.

El artículo 13 de la Ley No. 75, de abril 13, 1916, que es la Ley sobre Automóviles, prescribe lo siguiente:

"Art. 13.—(*a*) La velocidad de un vehículo de motor deberá en todo tiempo regularse con el debido cuidado, tomando en cuenta el ancho, tráfico y uso del camino; y el hecho de conducir, en cualquier tiempo, un vehículo de motor por un camino público a una velocidad que exceda de 48 kilómetros por hora, o dentro de la zona urbana de un municipio a una velocidad mayor de 24 kilómetros

por hora, constituirá evidencia *prima facie* de que el vehículo era conducido sin el debido cuidado.

"(*b*) Al doblar una curva, cuando la vista no fuere clara o hubiere de pasarse a otro vehículo, la velocidad deberá reducirse a 24 kilómetros por hora, como máximum."

El demandante declaró también que la vista no era clara y que no pudo ver la vagoneta que descendía hasta que estuvo muy cerca de ella.   Expresa la ley que el viajar por un camino público a una velocidad mayor de 48 kilómetros por hora constituirá prueba *prima facie* de que el vehículo de motor marchaba sin el debido cuidado.   Esto equivale a decir que un demandante que viaja a más de 48 kilómetros por hora es culpable *prima facie* de negligencia contributoria.

Hay veces en que necesariamente un conductor de un vehículo, en casos de emergencia, o tal vez cuando el camino está completamente expedito, puede viajar a una velocidad mucho mayor de 48 kilómetros por hora; pero si lo hace incumbe a él justificar en el juicio por qué viaja con excesiva velocidad.   No encontramos que el demandante se encontró en este deber.   Puede presumirse, por ejemplo, que la Legislatura aprobó esta ley para abarcar exactamente la situación que aquí surge; que algún carro podría tal vez estar cruzando las vías que están instaladas en la carretera y que un conductor ordinariamente está en el deber de cerciorarse de que nadie viene por tales vías antes de ir a una velocidad mayor de la fijada por la ley.   El demandante declaró que su vista estaba obscurecida, y esto aún cuando no iba doblando una curva era una razón más para mantenerse dentro de los límites marcados por el estatuto.   El demandante no presentó prueba tendente a mostrar ninguna emergencia o razón para excederse en este límite de velocidad.   Treinta millas por hora es poco más de 48 kilómetros por hora, y desde luego que si el demandante iba a más velocidad su negligencia era proporcionalmente mayor.

Con respecto a la Loíza Sugar Company la corte declaró probado, y creemos que correctamente, que la demandada Loíza Sugar Company, no estaba en la obligación de poner señales o avisos, toda vez que en estas vías las vagonetas no funcionaban por ninguna fuerza motriz sino solamente tiradas por bueyes. La corte inferior dijo en cuanto a esto lo siguiente: "La corte entiende que a la Loíza Sugar Company, no le incumbe responsabilidad alguna, puesto que la vagoneta estaba bajo el control del otro demandado Mercedes Sanjurjo, y que el hecho de que en el cruce de la vía con la carretera no tuviese los avisos ordenados por el Departamento del Interior, no puede hacerla responsable del accidente. Se probó en el juicio fuera de toda duda de que por dicha sección de vía nunca han cruzado vagonetas arrastradas por locomotora de clase alguna; que la tracción siempre se ha hecho por fuerza animal y siendo así no puede considerarse esto como ferrocarril público o privado." En relación con esto no importa si después del accidente la demandada Loíza Sugar Company puso postes o señales. Creemos que los reglamentos del Departamento del Interior a que se refiere el demandante son aplicables a lo que se conoce por "ferrocarriles," significando trenes movidos por vapor u otra fuerza motriz.

Resulta innecesario, por tanto, considerar los demás errores alegados, en uno u otro de los casos apelados.

Debe revocarse la sentencia y desestimarse la demanda.

*Revocada la apelada y desestimada la demanda sin especial condena de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de estos casos.